FILED US District Court-UT
DEC 17 '20 AM09:05

Dean H. Christensen
4880 South 3 Fountains Drive #139
Murray, UT 84107
Phone: 801 554 2021
Plaintiff Pro Per

Case: 2:20-cv-00888
Assigned To : Pead, Dustin B.
Assign. Date : 12/17/2020
Description: Christensen v. Graco
Fishing & Rental Tools

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| Dean H. Christensen, <br><br> Plaintiff, <br><br> Graco Fishing & Rental Tools Inc. and Does 1-10 inclusive <br><br> Defendants. | **COMPLAINT FOR** <br> **FRAUD** <br> **COMMERICAL BRIBERY** <br><br> **JURY DEMAND** |

Plaintiff Dean H. Christensen files his complaint against defendants listed below and alleges as follows:

### Parties and Jurisdiction

1. Plaintiff is a resident of the State of Utah.

2. Defendant Graco Fishing and Rental Tools Inc., ("Graco") is a Corporation incorporated in the State of Texas authorized to conduct business in the State of Utah.

3. Pacific Energy & Mining Co., ("Pacific") is a Nevada Corporation.

4. Jim Fulkerson ("Fulkerson") is a resident of the State of Utah and was an employee of Graco.

5. [Paragraphs 5-8 pertain to fictitious parties] Plaintiff does not know the true names or capacities of the defendants sued herein as DOES 1 through 10; therefore, Plaintiff sues said defendants by such fictitious names, and prays leave that when the true names of said

defendants are ascertained, they may be inserted with appropriate allegations. Plaintiff is informed and believes, and upon such information and belief, allege that each of the defendants designated herein by such fictitious names is responsible in some manner for the events and happenings hereinafter referred to and that such conduct of said defendants caused injury and damages proximately thereby to Plaintiff. Upon learning the true names and identities of DOES 1 through 10, Plaintiff will seek leave of court to amend this Claim.

6.  At all times relevant herein, defendants, and each of them, were the agents and employees of each of the remaining defendants, and were at all times acting within the course and scope of said agency and employment, and each defendant has ratified and approved the acts of the other. Therefore, each defendant is liable for the acts of each remaining third party defendant/cross-defendant.

7.  That the conduct of each and every defendant ratified and adopted by each and every other defendant in this action.

8.  The corporate defendants, and each of them, were acting by and through their authorized employees, agents, and/or representatives, who were acting within the scope and course of said capacity, and whose conduct was ratified by each of said third party defendants.

9.  Plaintiff is a shareholder of Pacific.

10. That Graco was contracted to perform work on the Well known as the Greentown Federal 26-43H, located in Grand County, Utah ("The Well").

11. Graco caused a breach of the Well operated by Pacific.

12. At the time the breach was made Fulkerson was the supervisor and employee of Graco.

13. Immediately after the breach, Graco terminated employment of Fulkerson.

14. Graco bribed Fulkerson to change his factual basis for the breach from liability caused by Graco.

15. Due to the bribe given by Graco to Fulkerson and others, Graco was able to receive a judgment against Pacific for unpaid invoices.

16. That most or all of actions by Graco and others in bribing Fulkerson related to the casing breach performed by Defendant Graco, and as a result, of said bribe Graco was able to receive a judgment against Pacific, resulting in Pacific filing for bankruptcy protection and the subsequent liquidation of Pacific causing Plaintiff to lose all of his value in Pacific.

## JURISDICTION

17. This Court has subject matter jurisdiction in this action pursuant to 28 USC §1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00.

## VENUE

18. Venue is proper in this jurisdiction under 28 USC §1391(b)(2), the subject events complained of in the State of Utah. Each of the defendants sued herein, whether designated by a real or a fictitious name, was and is the agent, servant, employee and hireling of each other.

19. Plaintiff incorporates herein by reference, as if fully restated, each and every allegation contained in all paragraphs of this complaint.

## FIRST CLAIM FOR RELIEF
## FRAUD

20. Plaintiff incorporated herein by reference, as if fully restated, each and every allegation contained in all paragraphs of this complaint.

21. Defendant Graco and Doe defendants gave a bribe to Fulkerson.

22. Defendant Graco and Doe defendants knew that giving a bribe Fulkerson, knowing that giving a bribe is illegal.

2

23. Defendants and each of them knew that Fulkerson changed the facts in referenced to the breach in the casing by receiving a bribe.

24. Defendants knew that change in facts as reported by Fulkerson were material.

25. Changing the facts by Fulkerson caused damages to Plaintiff as he lost all of the value of his shares in Pacific.

26. Damages to Plaintiff exceed the minimum jurisdiction of this court and will be proven at trial.

## SECOND CLAIM FOR RELIEF
## COMMERCIAL BRIBERY

27. Plaintiff incorporated herein by reference as if fully restated, each and every allegation contained in all paragraphs of this complaint.

28. Defendants and each of them gave bribe to Fulkerson when he was no longer and employee of Graco.

29. The amount of bribe exceeded the minimum amount that is illegal under Utah Statutes.

30. In return for the bribe, Defendants and each of them had Fulkerson change the facts in relation to the breach of the Casing.

31. The act of the bribe occurred without the knowledge or consent of the employer of Fulkerson.

32. The act of providing Fulkerson with monetary benefit resulted in Fulkerson changing the factual bases in reference to the breach in the casing transferring the liability from Graco to others including Pacific.

33. Due to the change in facts, Graco was able to receive a judgment against Pacific, causing Pacific for file for bankruptcy.

34. Bankruptcy filing by Pacific and the subsequent liquidation caused all the shares of Pacific to be worthless.

35. Plaintiff has lost all his investment in Pacific Shares due to the actions of Defendants and all of them

36. Damages to Plaintiff exceed the minimum amount for jurisdiction of this court and will be proven at trial.

PRAYER FOR RELIEF

1. For general damages according to proof at trial, trebled according to statute. pre-judgment interest according to statute; and

2. For general damages according to proof at trial;

3. For punitive damages;

For such other legal and equitable relief as the Court may deem Plaintiff is entitled to receive.

DATED: December 17, 2020

*[signature]*
Dean H. Christensen Pro Per