IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| DEAN H. CHRISTENSEN,<br><br>Plaintiff,<br><br>v.<br><br>GRACO FISHING & RENTAL TOOLS, INC; and DOES 1-10 inclusive,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:20-cv-00888-HCN-JCB<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Jared C. Bennett |

District Judge Howard C. Nielson, Jr. referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court is pro se Plaintiff Dean H. Christensen's ("Mr. Christensen") motion to disqualify counsel for Defendant Graco Fishing & Rental Tools, Inc. ("Graco") ("Motion").[2] The court has carefully reviewed the written memoranda submitted by the parties. Under DUCivR 7-1(f), the court has concluded that oral argument is not necessary and, therefore, decides the Motion on the written memoranda. Based upon the analysis set forth below, the court denies the Motion.

## BACKGROUND

Mr. Christensen's complaint in this action alleges that Graco gave a bribe to a witness in a case in state court between Graco and Pacific Energy & Mining Co. ("PEMC"). The state

---

[1] ECF No. 12.

[2] ECF No. 9.

court case resulted in a judgment against PEMC. Mr. Christensen alleges that he was harmed because he is a shareholder of PEMC.

Mr. Christensen subsequently filed the Motion, in which he states that he "believes and based upon such belief alleges that" certain Graco attorneys, including one of Graco's attorneys in this case, Rod N. Andreason ("Mr. Andreason"), "are material witnesses in this action as they are witnesses to the bribe."[3] Mr. Christensen further alleges that because certain Graco attorneys, including Mr. Andreason, "are witnesses to be called upon to testify as to the causes of action in [the] complaint[,] they cannot be representing Graco in this matter."[4] Based upon those allegations, Mr. Christensen argues that Mr. Andreason and his entire law firm, Kirton McConkie, should be disqualified from representing Graco in this action.

## **LEGAL STANDARDS**

The determination regarding whether disqualification is an appropriate remedy is "left to the discretion of the trial court."[5] "Motions to disqualify are governed by two sources of authority. First, attorneys are bound by the local rules of the court in which they appear."[6]

---

[3] *Id*. at 1.

[4] *Id*.

[5] *Flying J Inc. v. TA Operating Corp.*, No. 1:06-CV-30 TC, 2008 WL 648545, at *6 (D. Utah Mar. 10, 2008); see also *Cole v. Ruidoso Mun. Schs.*, 43 F.3d 1373, 1383 (10th Cir. 1994) ("It is well-established that ordinarily the control of attorneys' conduct in trial litigation is within the supervisory powers of the trial judge, and is thus a matter of judicial discretion." (quotations and citation omitted)).

[6] *Cole*, 43 F.3d at 1383.

Indeed, attorneys practicing in this court are bound by the Utah Rules of Professional Conduct.[7] Second, because motions to disqualify counsel in federal proceedings are substantive motions affecting the rights of the parties, the court also applies the standards developed under federal law.[8]

Several years ago, this court provided the following guidance on the factors to consider when deciding a motion to disqualify counsel:

> The sanction of disqualification of counsel in litigation situations should be measured by the facts of each particular case as they bear upon the impact of counsel's conduct upon the trial. The egregiousness of the violation, the presence or absence of prejudice to the other side, and whether and to what extent there has been a diminution of effectiveness of counsel are important considerations. In addition, equitable considerations such as the hardship to the other side and the stage of trial proceedings are relevant. The essential issue to be determined in the context of litigation is whether the alleged misconduct taints the lawsuit.[9]

In deciding these weighty issues, the court is mindful that the moving party bears the burden of establishing that disqualification is necessary.[10] To satisfy that burden, the moving party cannot

---

[7] DUCivR 83-1.5.1(a) ("All attorneys practicing before this court, either as members of the bar of this court by Pro Hac Vice admission, must comply with the rules of practice adopted by this court and with the Utah Rules of Professional Conduct as revised, amended, and interpreted by this court.").

[8] *Cole*, 43 F.3d at 1383; *see also Parkinson v. Phonex Corp.*, 857 F. Supp. 1474, 1480 (D. Utah 1994) (providing that the legal standard applicable to a motion to disqualify counsel "is the law of the Tenth Circuit or this district").

[9] *Parkinson*, 857 F. Supp. at 1476.

[10] *Id*. at 1480.

rely upon conclusory allegations or speculative conflicts.[11]  Furthermore, "disqualification of counsel is a drastic measure and a court should hesitate to impose it except when necessary."[12] "[F]ederal courts have treated a motion for disqualification as one that should only rarely be granted. . . . A motion to disqualify is to be viewed with extreme caution, but recognizing the possible unfair advantage that may result depending on the circumstances."[13]

## ANALYSIS

Mr. Christensen fails to carry his heavy burden of demonstrating that disqualification is necessary because he fails to show any violation of the Utah Rules of Professional Conduct. Therefore, the Motion is denied.

Mr. Christensen fails to establish a violation of the Utah Rules of Professional Conduct. Importantly, although Mr. Christensen requests that the entire law firm of Kirton McConkie be disqualified, his allegations focus exclusively on his belief that Mr. Andreason is a necessary witness.  Where, as here, a litigant alleges that an attorney will become a necessary witness, the court looks to Rule 3.7 of the Utah Rules of Professional Conduct.  Indeed, Rule 3.7 is the only basis for disqualification that Mr. Christensen offers under the Utah Rules of Professional Conduct.  Thus, the court considers only whether Mr. Andreason's representation of Graco would violate Rule 3.7.

---

[11] *Procter & Gamble Co. v. Haugen*, 183 F.R.D. 571, 574 (D. Utah 1998) ("[A] speculative conflict is insufficient for disqualification.").

[12] *Id.* (quotations and citation omitted).

[13] *Parkinson*, 857 F. Supp. at 1480 (citation omitted).

Mr. Christensen falls well short of establishing a violation of Rule 3.7. Rule 3.7(a) provides that "[a] lawyer shall not act as advocate *at trial* in which the lawyer is *likely* to be a *necessary* witness."[14] Mr. Christensen's arguments fail on two fronts. First, he fails to show that Mr. Andreason is "likely" to be a necessary witness. Second, even assuming *arguendo* that Mr. Andreason is likely to be a necessary witness, Mr. Christensen fails to show why Mr. Andreason should be disqualified from any proceeding other than "trial." Both reasons for denying the Motion are discussed in order below.

First, Mr. Christensen cannot show that Mr. Andreason is "likely" to be a necessary witness because the allegations supporting the request for disqualification are entirely speculative. Mr. Christensen bases his allegations solely on his "belief" that Mr. Andreason was a witness to the bribe. A mere "belief" is insufficient to establish a likelihood that an opposing party's attorney is a necessary witness because were it otherwise, litigants could believe opposing counsel out of the litigation with little effort. Such a result is entirely contrary to the well-established norm of not disturbing a party's choice of counsel absent compelling circumstances. For this reason alone, the Motion fails.[15]

Second, even if Mr. Christensen has established that Mr. Andreason is likely to be a necessary witness, he fails to show why Mr. Andreason should be excluded for any proceeding

---

[14] Utah R. Pro. Conduct 3.7(a) (emphasis added).

[15] In addition to showing that Mr. Andreason "likely" to be a witness, Mr. Christensen must also show that Mr. Andreason is a "necessary" one. This means that Mr. Christensen must show that that Mr. Andreason—and only Mr. Andreason—has materially relevant information. *Utah v. Melancon*, 2014 UT App 260, ¶15, 339 P.3d 151, 155. Mr. Christensen also fails to meet that requirement. For that alternative reason, the Motion is denied.

other that what Rule 3.7 requires. Mr. Christensen ignores the language of Rule 3.7, which precludes conflicted counsel from serving as counsel at *trial*. Mr. Christensen provides no valid argument as to why the court should preclude Mr. Andreason from participating in proceedings before trial. Therefore, the Motion fails on that basis too.[16]

## **CONCLUSION AND ORDER**

Based upon the foregoing, IT IS HEREBY ORDERED that the Motion[17] is DENIED.[18]

IT IS SO ORDERED.

DATED March 4, 2021.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[16] As noted above, Mr. Christensen also requests disqualification of the entire law firm of Kirton McConkie. Given the court's conclusion that Mr. Andreason is not subject to disqualification, it logically follows that Kirton McConkie is likewise not subject to disqualification.

[17] ECF No. 9.

[18] In the Motion, Mr. Christensen also requests a stay of this action until the Motion is ruled upon. Given the court's ruling on the Motion, that request is now moot.