IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| DEAN H. CHRISTENSEN,<br><br>Plaintiff,<br><br>v.<br><br>GRACO FISHING & RENTAL TOOLS, INC; and DOES 1-10 inclusive,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:20-cv-00888-HCN-JCB<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Jared C. Bennett |

District Judge Howard C. Nielson, Jr. referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court is pro se Plaintiff Dean H. Christensen's ("Mr. Christensen"): (1) motion for extension of time to file his reply in support of his second motion to disqualify counsel for Defendant Graco Fishing & Rental Tools, Inc. ("Graco");[2] and (2) second motion to disqualify Graco's counsel.[3] The court has carefully reviewed the parties' written memoranda. Under DUCivR 7-1(f), the court concludes that oral argument is not necessary and, therefore, decides the motions on the written memoranda. Based upon the analysis set forth below, the court denies Mr. Christensen's motions.

---

[1] ECF No. 12.

[2] ECF No. 28.

[3] ECF No. 21.

## BACKGROUND

Mr. Christensen's complaint in this action alleges that Graco gave a bribe to a witness in a case in state court between Graco and Pacific Energy & Mining Co. ("PEMC"). The state court case resulted in a judgment against PEMC. Mr. Christensen alleges that he was harmed because he is a shareholder of PEMC.

Mr. Christensen subsequently moved to disqualify Graco's counsel stating that he "believes and based upon such belief alleges that" certain Graco attorneys, including one of Graco's attorneys in this case, Rod N. Andreason ("Mr. Andreason"), "are material witnesses in this action as they are witnesses to the bribe."[4] Mr. Christensen further alleged that because certain Graco attorneys, including Mr. Andreason, "are witnesses to be called upon to testify as to the causes of action in [the] complaint[,] they cannot be representing Graco in this matter."[5] Based upon those allegations, Mr. Christensen argued that Mr. Andreason and his entire law firm, Kirton McConkie, should be disqualified from representing Graco in this action. In a March 4, 2021 Memorandum Decision and Order, the court denied Mr. Christensen's motion to disqualify Graco's counsel.[6]

On March 24, 2021, Mr. Christensen filed his second motion to disqualify Graco's counsel.[7] This second motion does not include any new facts, evidence, or legal authority.

---

[4] ECF No. 9 at 1.

[5] *Id*.

[6] ECF No. 17.

[7] ECF No. 21.

Instead, Mr. Christensen merely alleges that his complaint,[8] which is also unsupported by any evidence, "lays out the facts" demonstrating that Mr. Andreason, and another Kirton McConkie attorney, Ryan C. Cadwallader ("Mr. Cadwallader"), "are all witnesses and part of the bribery scheme in this matter."[9] Mr. Christensen also makes the unsupported allegation that Mr. Andreason "knew that Graco had given the bribe, thus [Mr.] Andreason as a fact witness in this matter cannot represent Graco."[10] Based upon those allegations, Mr. Christensen again requests that Mr. Andreason, Mr. Cadwallader, and the entire firm of Kirton McConkie be disqualified from representing Graco in this action.

On April 6, 2021, Graco filed an opposition to Mr. Christensen's second motion to disqualify, which includes a request for sanctions against Mr. Christensen.[11] Graco contends that Mr. Christensen's second motion constitutes abusive litigation because it is nothing more than a motion for reconsideration that rehashes the arguments presented his in first motion to disqualify and does not offer any new arguments or evidence. Graco alleges that the second motion has wasted both Graco's and the court's resources and, therefore, that the court should impose monetary sanctions or filing restrictions upon Mr. Christensen.

Under DUCivR 7-1(b)(3)(B), Mr. Christensen's deadline for filing a reply in support of his second motion to disqualify was 14 days after the filing date of Graco's opposition, or April

---

[8] ECF No. 1.

[9] ECF No. 21 at 1.

[10] *Id*. at 5 (emphasis omitted).

[11] ECF No. 24.

20, 2021. Mr. Christensen did not file a timely reply. However, on April 23, 2021, Mr. Christensen filed a motion for an extension of time to file a reply,[12] along with a proposed reply.[13] In his motion for extension of time, Mr. Christensen cites Fed. R. Civ. P. 6(b)(1)(B) and asserts that an extension is warranted "due to [the] fact that [he] has been ill and had to be at the hospital for tests."[14] Mr. Christensen does not support that assertion with any evidence.

In his proposed reply, Mr. Christensen again fails to include any new facts, evidence, or legal authority. Indeed, other than a short recitation of "facts," Mr. Christensen's reply is identical to his second motion to disqualify. Instead, Mr. Christensen asserts that the factual basis for his second motion to disqualify is contained in the allegations of his complaint and proposed first amended complaint.[15] After listing certain allegations from his proposed first amended complaint, which are unsupported by any evidence, Mr. Christensen alleges, again without any evidentiary support, that disqualification is "mandatory" because Mr. Andreason and Mr. Cadwallader "are not just witnesses[,] they are part of the criminal enterprise" that underlies certain of Mr. Christensen's claims.[16] Although his second motion to disqualify and his proposed reply do not set forth any new facts, evidence, or legal authority, Mr. Christensen contends that

---

[12] ECF No. 28.

[13] ECF No. 29.

[14] ECF No. 28 at 2.

[15] Apparently in response to Graco's motion to dismiss his original complaint, ECF No. 15, Mr. Christensen moved for leave to file a first amended complaint. ECF No. 16. The court has not yet ruled on Mr. Christensen's motion.

[16] ECF No. 29 at 2.

he has "detailed his basis" for disqualification and that he "is not repeating" anything from his first motion to disqualify.[17]

## ANALYSIS

As indicated above, before the court are Mr. Christensen's motion for extension of time and second motion to disqualify Graco's counsel. Also before the court is Graco's request for sanctions against Mr. Christensen. Based upon the following analysis, the court: (I) denies Mr. Christensen's motion for extension of time, (II) denies Mr. Christensen's second motion to disqualify Graco's counsel, and (III) denies Graco's request for sanctions. The court addresses each issue in turn below.

I. **Mr. Christensen's Motion for Extension of Time Is Denied.**

Because Mr. Christensen's motion for an extension of time came after the deadline for filing his reply, that motion is governed by Fed. R. Civ. P. 6(b)(1)(B), which provides that "the court may, for good cause," extend a deadline after it has expired "if the party failed to act because of excusable neglect." Therefore, Mr. Christensen must show both good cause and excusable neglect for his motion to be granted. Based upon the following analysis, the court concludes that Mr. Christensen has failed established either and, therefore, denies his motion for extension of time.

---

[17] *Id*.

The Tenth Circuit has recognized that good cause and excusable neglect are not identical but are interrelated.[18]  With respect to what is required to show good cause, the Tenth Circuit has stated:

> Without attempting a rigid or all-encompassing definition of good cause, it would appear to require *at least as much* as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified is normally required.[19]

"'[G]ood cause' requires a greater showing than 'excusable neglect.'"[20]  "Good cause comes into play in situations in which there is no fault—excusable or otherwise.  In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant."[21]  "It requires the moving party to show the deadline cannot be met despite the movant's diligent efforts."[22]

To determine whether the lesser standard of excusable neglect is shown,

> a court must take into account "all relevant circumstances surrounding the party's omission."  These include four relevant factors: (1) "the danger of prejudice" to the nonmoving party; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was

---

[18] *In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996); *Putnam v. Morris,* 833 F.2d 903, 905 (10th Cir. 1987).

[19] *In re Kirkland*, 86 F.3d at 175 (quotations and citations omitted); *see also Putnam,* 833 F.2d at 905.

[20] *In re Kirkland*, 86 F.3d at 175 (footnote omitted).

[21] *Utah Republican Party v. Herbert*, 678 F. App'x 697, 700-01 (10th Cir. 2017) (quotations and citation omitted).

[22] *Id*. at 701. (quotations and citation omitted).

within reasonable control of the movant"; and (4) "whether the movant acted in good faith."[23]

"The Tenth Circuit has . . . held that the third factor . . . is 'perhaps the most important single factor . . . in determining whether neglect is excusable.'"[24] "'[A]n inadequate explanation for delay, may, by itself, be sufficient to reject a finding of excusable neglect.'"[25]

Given that establishing good cause requires at least a showing of excusable neglect, the court first considers whether Mr. Christensen establishes excusable neglect. After determining that he does not meet that standard, the court necessarily determines that he does not meet good cause either. The court addresses each standard below.

In considering whether Mr. Christensen establishes excusable neglect, the court acknowledges that three of the relevant factors weigh in favor of a finding of excusable neglect. Mr. Christensen's requested extension would not impose undue prejudice upon Graco, would not have a significant impact on these proceedings, and appears to have been made in good faith. However, the court concludes that the most important factor, the adequacy of Mr. Christensen's

---

[23] *Shifers v. Arapahoe Motors, Inc.*, No. 17-CV-01753-CMA-KLM, 2018 WL 6620866, at *3 (D. Colo. Dec. 18, 2018) (citations omitted) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)); *see also Shifers*, 2018 WL 6620866, at *3 (providing that although the *Pioneer* Court's "discussion of excusable neglect . . . concerned Bankruptcy Rule 9006(b)(1), . . . its analysis rested on the plain meaning of the terms . . . . Accordingly, the Court of Appeals for the Tenth Circuit has extended the *Pioneer* standard of excusable neglect to motions arising under . . . Federal Rule of Civil Procedure 6(b)" (citing multiple Tenth Circuit cases) (quotations and citations omitted)).

[24] *Shifers*, 2018 WL 6620866, at *3 (third alteration in original) (quoting *City of Chanute, Kan. v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994)).

[25] *Id*. (alteration in original) (quoting *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017)).

explanation of the reason for the delay, weighs heavily against a finding of excusable neglect. Indeed, Mr. Christensen states only that he needs the extension "due to [the] fact that [he] has been ill and had to be at the hospital for tests."[26] Mr. Christensen fails to provide any evidentiary support for that assertion. Without any such support, his explanation for the delay falls well short of being adequate. For that reason, Mr. Christensen fails to establish excusable neglect, which alone justifies denying his motion. Indeed, as stated above, under the excusable neglect standard, "'an inadequate explanation for delay, may, by itself, be sufficient to reject a finding of excusable neglect.'"[27] Nevertheless, assuming that he had established excusable neglect, the court now turns to whether he can establish good cause.

As stated above, to demonstrate good cause, Mr. Christensen must "show the deadline [could not] be met despite [his] diligent efforts."[28] Again, Mr. Christensen's one-sentence, unsupported assertion fails to provide an adequate explanation for his failure to meet the relevant deadline. For that reason, Mr. Christensen fails to establish good cause. Therefore, Mr. Christensen fails to establish both excusable neglect and good cause, and the court denies his motion for extension of time.[29]

---

[26] ECF No. 28 at 2.

[27] *Shifers*, 2018 WL 6620866, at *3 (alteration in original) (quoting *Perez*, 847 F.3d at 1253).

[28] *Herbert*, 678 F. App'x at 701 (quotations and citation omitted).

[29] Although the court denies Mr. Christensen's motion for extension of time, the court notes that, even if it had considered his proposed reply, that would not have affected the court's ruling on his second motion to disqualify. Indeed, as noted above, his proposed reply does not include any new facts, evidence, or legal authority and, except for a few minor alterations, is identical to his second motion to disqualify. Therefore, even if the court considered the untimely reply, it adds

### II.     Mr. Christensen's Second Motion to Disqualify Graco's Counsel Is Denied.

Although Mr. Christensen's instant motion to disqualify Graco's counsel is captioned as a "second" motion, it does nothing more than ask the court to reconsider its denial of his first motion to disqualify. Thus, the court construes Mr. Christensen's second motion to disqualify as a motion to reconsider. Based upon the following analysis, the court denies that motion.

"A motion for reconsideration is not specifically provided for in the rules of civil procedure."[30] However, it is within the court's discretion to reconsider a previous order.[31] Appropriate grounds for a motion to reconsider "include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."[32] However, a motion to reconsider is an

> inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion. Absent extraordinary circumstances . . . the basis for the second motion must not have been available at the time the first motion was filed.[33]

---

nothing beyond what Mr. Christensen has previously argued, which, as shown below, is insufficient to grant the relief he seeks.

[30] *Lacefield v. Big Planet*, No. 2:06-CV-844 DB, 2008 WL 2661127, at *1 (D. Utah July 3, 2008).

[31] *Anderson v. Deere & Co.*, 852 F.2d 1244, 1246 (10th Cir. 1988).

[32] *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted).

[33] *Id*.

"A motion to reconsider must be made upon grounds other than a mere disagreement with the court's decision and must do more than rehash a party's former arguments that were rejected by the court."³⁴

Mr. Christensen provides no basis for the court to reconsider its March 4, 2021 Memorandum Decision and Order denying his first motion to disqualify. Mr. Christensen's arguments demonstrate nothing more than his disagreement with the court's ruling and his desire to have the court revisit issues that were previously addressed in that Memorandum Decision and Order. Furthermore, Mr. Christensen has not pointed to any intervening change in the controlling law, new evidence previously unavailable, or the need to correct clear error or prevent manifest injustice. Accordingly, Mr. Christensen's second motion to disqualify Graco's counsel is denied.

### III. Graco's Request for Sanctions Is Denied.

Graco's request for sanctions is included in its opposition to Mr. Christensen's second motion to disqualify. Because it requests specific relief from the court, it should have been filed as a separate motion to allow for full briefing.³⁵ For that reason, the court denies Graco's request.

---

³⁴ *SCO Grp., Inc. v. Novell, Inc.*, No. 2:04CV139DAK, 2007 WL 2746953, at *1 (D. Utah Sept. 14, 2007); *see also Lacefield*, 2008 WL 2661127, at *1 ("[A] party seeking reconsideration must show more than a disagreement with the [c]ourt's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." (quotations and citations omitted)).

³⁵ DUCivR 7-1(b)(1)(A) ("No motion, including but not limited to cross-motions and motions pursuant to Fed. R. Civ. P. 56(d), may be included in a response or reply memorandum. Such motions must be made in a separate document.").

**CONCLUSION AND ORDER**

Based upon the foregoing, IT IS HEREBY ORDERED:

1. Mr. Christensen's motion for extension of time[36] is DENIED.

2. Mr. Christensen's second motion to disqualify Graco's counsel[37] is DENIED.

3. Graco's request for sanctions against Mr. Christensen is DENIED.

IT IS SO ORDERED.

DATED May 14, 2021.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge

---

[36] ECF No. 28.

[37] ECF No. 21.